IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 3:16-CR-0026 |
| V. | ) |
| | ) |
| JOHN DOE, ET AL. | ) |

**UNITED STATES' MOTION TO DESIGNATE**
**CASE AS A COMPLEX CASE AND FOR EXCLUDABLE DELAY**

Now comes the United States, by and through its attorneys, John P. Fishwick, United States Attorney, Grayson A. Hoffman, Assistant United States Attorney, and Marianne Shelvey, Trial Attorney, United States Department of Justice, Organized Crime and Gang Section, and respectfully requests that the Court designate the above-captioned case as a complex case under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii). In support of its motion, the Government states the following:

A Federal Grand Jury returned an Indictment on October 26, 2016, charging thirteen defendants with a total of nine counts. Count One of the Indictment alleges that, beginning on a date unknown, but starting no later than 2006, to the date of the return of the Indictment, defendants John Doe 1 (sealed), John Doe 2 (sealed), Michael Demont Dove, Terrance Nathaniel Brown Jr., Clifford Alexand Jennings, Anthony Alfred Day, James Albert Bumbry, Ronnie Monroe Nicholas, and other persons known and unknown to the Grand Jury, conspired to conduct and participate, directly and indirectly, in the conduct of the affairs of the criminal enterprise the Mad Stone Bloods, through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d). Count One alleges that the pattern of racketeering activity consisted of multiple acts indictable under federal law, including mail fraud and wire fraud. The pattern of racketeering activity also consisted of

multiple acts involving murder and robbery in violation of the laws of the Commonwealth of Virginia. The pattern of racketeering activity also consisted of acts involving federal drug crimes.

Count Two of the indictment alleges that the defendants identified above, as well as defendants Corey Owens, Jermaine Shiquill Epps, Christine Kelly, Shonda Rachelle Jones, Jaymese Jenee Jones, and others known and unknown to the Grand Jury, engaged in a drug conspiracy.

Counts Three and Six of the Indictment allege that defendants Dove and Brown engaged in violent acts in aid of racketeering. Counts Four and Seven allege that defendant Dove used a firearm during crimes of violence. Counts Five and Eight allege that defendant Brown used a firearm during crimes of violence. Count Nine alleges that Corey Owens possessed a firearm in furtherance of a drug trafficking crime.

This indictment is the result of a complex and lengthy investigation conducted by the Federal Bureau of Investigation (FBI), which coordinated with multiple state law enforcement agencies, including Virginia and New York, as well as the Virginia Department of Corrections.

The Government's evidence in this case includes hundreds of hours of electronic surveillance recordings obtained during this investigation. The Government's evidence also includes hundreds of hours of recorded prison and jail telephone calls, wiretap recordings, witness interview recordings, significant amounts of handwritten gang-related correspondence, and other gang-related documents and materials.

The Government's evidence in this case also includes physical evidence and documents seized from the execution of search warrants, evidence gathered from crime scenes, drug evidence, photographs, cell phones, firearms, and forensic evidence. The Government's evidence also includes documents obtain through subpoenas and other requests, including financial records, social services records, cell phone records, shipping records, and credit bureau information.

The Government estimates that during a trial in this matter, it might call over 50 trial witnesses and introduce hundreds of evidentiary exhibits. The Government also anticipates expert testimony about forensic analysis conducted by law enforcement agencies and gang-related topics.

The defendants started their initial appearances and arraignments on November 3, 2016. Under the Speedy Trial Act, 18 U.S.C. § 3161, trial must commence within 70 days of the date on which the defendants make their initial appearance. One of the thirteen defendants has not been apprehended. The Court has scheduled the trial to begin January 12, 2017.

The initial discovery in this case will include hundreds of hours of audio and video surveillance recordings, recorded jail calls, wiretap recordings, physical exhibits, and approximately 50,000 pages of discovery. The Government intends to supplement the initial discovery with additional discovery materials.

The Speedy Trial Act permits the Court to continue the trial date if the Court finds that the ends of justice served by a continuance outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Pursuant to Section 3161(h)(7)(B)(ii), a continuance is warranted if the Court finds that "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

For the reasons set forth in this motion, the Government submits that this case is a complex case within the meaning of Section 3161(h)(7)(B)(ii), due to the nature of the prosecution, the number of defendants, and quantity of evidence. Therefore, it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits of the Speedy Trial Act.

The Government has charged some of the defendants with RICO conspiracy in violation

of 18 U.S.C. § 1962(d), which alleges a conspiracy with an organized, hierarchical, and multistate leadership structure with members and associates who commit criminal acts in various locations in the United States. Thus, the parties will have to absorb a significant amount of evidence related to this multistate criminal enterprise and investigation thereof.

In addition, Section 3161(h)(7)(B)(iv) provides in part that if the case, "taken as a whole, is not so unusual or so complex" to fall within Section 3161(h)(7)(B)(ii), then the Court may allow a continuance if the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Here, the Government submits that the ends of justice favor a continuance because the parties would otherwise be denied the reasonable time necessary for effective preparation, and such preparation will substantially shorten the time necessary for trial. The ends of justice resulting from a continuance will outweigh the interests of the public and the defendants in a speedy trial.

Accordingly, the Government respectfully requests that the Court designate this matter a complex case under 18 U.S.C. § 3161(h)(7)(B)(ii), find that a failure to grant a continuance would deny the parties reasonable time necessary for effective pretrial preparation, and grant a continuance of the trial date under Section 3161(h)(7)(B)(ii).

Respectfully submitted,

JOHN P. FISHWICK, JR.
United States Attorney

Date:   November 17, 2016

s/Grayson A. Hoffman
Grayson A. Hoffman
Assistant United States Attorney
Virginia Bar No. 73726


s/Marianne Shelvey
Trial Attorney
United Stated Department of Justice
Organized Crime and Gang Section
Massachusetts State Bar No. 642437


CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2016, I electronically filed the forefoing with the Clerk of the Court using CM/ECF system which will send notification of such filings.

s/Grayson A. Hoffman
Grayson A. Hoffman
Assistant United States Attorney